**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------X  Case No.

ROBERT FRANCO,

**COMPLAINT**

                Plaintiff,

          -against-   **PLAINTIFF DEMANDS A TRIAL BY JURY**

GRACE INDUSTRIES LLC d/b/a
HAUGLAND GROUP LLC,

                Defendant.

------------------------------------------------------------------------X

Plaintiff Robert Franco by his attorney, The Law Office of Joshua P. Frank, PLLC, hereby complains of Defendant Grace Industries LLC d/b/a Haugland Group LLC, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff Robert Franco complains pursuant to the Age Discrimination in Employment Act of 1967, *as amended*, 29 U.S.C. § 621, *et seq*. ("ADEA"), the New York State Human Rights Law, New York State Executive Law § 296, *et seq*. ("NYSHRL"), and the New York City Human Rights Law, New York City Administrative Code § 8-107, *et seq*. ("NYCHRL"), seeking damages to redress the injuries he has suffered as a result of being terminated from his employment by the Defendant because of his age (65).

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 29 U.S.C. § 626(c) and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over the Plaintiff's NYSHRL and NYCHRL claims pursuant to 28 U.S.C. § 1367.

1

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events giving rise to the claims herein took place within the Eastern District.

## PROCEDURAL PREREQUISITES

5. The Plaintiff filed a Charge of Discrimination, upon which this Complaint is based, with the Equal Employment Opportunity Commission ("EEOC").

6. The Plaintiff received a Notice of Right to Sue from the EEOC, dated May 23, 2021, with respect to the aforementioned Charge of Discrimination. A copy of the Notice is annexed hereto.

7. This civil action is being commenced within 90 days of receipt of said Notice.

## PARTIES

8. Plaintiff Robert Franco is a resident of the State of New York and Suffolk County.

9. At the time of the Plaintiff's termination of employment, he was employed by Defendant Grace Industries LLC d/b/a Haugland Group LLC (hereinafter "Defendant") as a Safety Manager at its headquarters located at 336 South Service Road, Melville, New York 11747.

10. The Defendant is a domestic limited liability company, duly existing pursuant to, and by virtue of, the laws of the state of New York, with its headquarters located at 336 South Service Road, Melville, New York 11747.

11. The Defendant is a provider of energy and civil infrastructure services, including heavy highway, bridge, boardwalk and airport construction, earthwork, drainage, and other civil services.

## MATERIAL FACTS

12. On October 20, 2014, Plaintiff Robert Franco commenced employment for the Defendant as a Safety Representative.

13. Throughout his employment, the Plaintiff performed work in Long Island as well as in New York City.

14. The Plaintiff's job duties included conducting job site inspections, implementing and enforcing safety policies and procedures, holding safety training for the Defendant's employees, and reporting safety violations to Defendant's Safety Director.

15. In 2018, the Plaintiff became a Lead Safety Representative.

16. Due to the Plaintiff's strong work performance, the Defendant promoted the Plaintiff to the position of Safety Director in February 2019.

17. Moreover, in December, 2019, the Defendant rewarded the Plaintiff with $30,000.00 in bonus compensation for his exemplary work.

18. Subsequently, in March, 2020, the Defendant hired Sean Grubert as Vice President of Safety.

19. At all times relevant herein, Mr. Grubert exercised supervisory authority over the Plaintiff. Mr. Grubert possessed the authority to affect the terms and conditions of the Plaintiff's employment and to terminate the Plaintiff's employment.

20. In or around March, 2020, the COVID-19 pandemic necessitated adjustments to the Defendant's business operations, including remote work.

21. Due to a shortage of employees, however, the Plaintiff continued performing work in the field. In fact, Mr. Grubert had instructed the Plaintiff, "You're not working from home."

22. In or around March 2020, the Defendant won its bid to build a hospital in White Plains, New York, where COVID-19 was particularly rampant.

23. One morning in March 2020, Mr. Grubert inquired of the Plaintiff as to which safety personnel could work at the aforementioned hospital construction site. The Plaintiff stated that he could not work in White Plains due to his underlying medical conditions and those of his wife.

24. In response, Mr. Grubert said, in an exasperated tone, "We have to get younger."

25. The Plaintiff was taken aback by Mr. Grubert's expression of discriminatory animus.

26. Thereafter, the Plaintiff contracted the COVID-19 virus on or about April 20, 2020, and Plaintiff's wife then contracted the virus from him. As a result, the Plaintiff was out of work for approximately one month.

27. On or about May 21, 2020, the Plaintiff returned to work to find that Mr. Grubert had demoted him to the position of Safety Manager by replacing him with Matthew Murphy (upon information and belief, approximately 42 years-old at the time), who had previously been reporting to the Plaintiff.

28. Later that day, Mr. Grubert told the Plaintiff, "You need to prove yourself" to reclaim the Safety Director position.

29. Thereafter, Mr. Grubert continued to marginalize the Plaintiff by excluding him from various discussions and meetings.

30. Furthermore, Mr. Grubert began implementing his goal to "get younger" by hiring three men, significantly younger than the Plaintiff, as Safety Managers.

31. Subsequently, on October 15, 2020, Mr. Grubert directed the Plaintiff to report to a meeting with himself and the Defendant's Human Resources Director.

32. At the meeting, the Human Resources Director told the Plaintiff that his employment was terminated, effective immediately, because of a "business decision."

33. Upon information and belief, following the Plaintiff's termination, Mr. Grubert hired another Safety Manager who was significantly younger than the Plaintiff.

34. The Plaintiff was 65-years-of-age at the time the Defendant terminated his employment.

35. At the time of his termination, the Plaintiff's yearly compensation amounted to approximately $170,000.00.

36. In light of the foregoing, it is evident that Mr. Grubert's discriminatory animus towards the Plaintiff, due to Plaintiff's age, led Mr. Grubert to effect the termination of Plaintiff's employment.

37. As a result of the acts and conduct complained of herein, the Plaintiff has suffered, and will continue to suffer, the loss of income, bonuses, retirement, health, and other benefits, and other compensation which stemmed from his employment.

38. Furthermore, the Plaintiff has suffered from emotional distress, mental anguish, pain and suffering, loss of enjoyment of life, injury to reputation, and other non-pecuniary losses.

39. The Defendant's unlawful conduct was willful, outrageous, and/or reckless and was undertaken with full knowledge of the law. As such, the Plaintiff demands punitive damages from the Defendant.

## FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER THE ADEA

40. The Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint and incorporates same herein.

41. This cause of action is instituted pursuant to the ADEA, §§ 621 – 634, for relief based upon the Defendant's discrimination against the Plaintiff on the basis of his age.

42. The ADEA prohibits discrimination in employment based, in whole or in part, upon an employee's age.

43. As alleged in the factual averments of this Complaint, the Defendant violated the ADEA by terminating the Plaintiff's employment due to his age (65).

44. Furthermore, the Defendant willfully violated the ADEA and, therefore, pursuant to 29 U.S.C. § 623, the Plaintiff is entitled to recover double damages from the Defendant.

## SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NYSHRL

45. The Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint and incorporates same herein.

46. New York State Executive Law § 296 (1)(a) provides that, "It shall be an unlawful discriminatory practice: For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, gender identity or expression, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, or status as a victim of domestic violence, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

47. As alleged in the factual averments of this Complaint, the Defendant violated the NYSHRL by terminating the Plaintiff's employment due to his age (65).

## THIRD CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NYCHRL

48. The Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint and incorporates same herein.

49. New York City Administrative Code § 8-107(1), provides that, "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived <u>age</u>, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

50. As alleged in the factual averments of this Complaint, the Defendant violated the NYCHRL by terminating the Plaintiff's employment due to his age (65).

## FOURTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NYCHRL

51. The Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint and incorporates same herein.

52. New York City Administrative Code § 8-107(13), "Employer liability for discriminatory conduct by employee, agent or independent contractor," provides:

    a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

    b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

      1. the employee or agent exercised managerial or supervisory responsibility; or

      2. the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

      3. the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

      c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

53. As alleged in the factual averments of this Complaint, the Defendant violated the section cited herein as the Defendant discriminated against the Plaintiff through employees and/or agents who exercised managerial and/or supervisory authority.

## JURY DEMAND

54. Plaintiff Robert Franco hereby requests a trial by jury.

**WHEREFORE**, Plaintiff Robert Franco respectfully requests a judgment against the Defendant as follows:

    A.    Declaring that the Defendant engaged in unlawful employment practices prohibited by the ADEA, NYSHRL, and NYCHRL by terminating the Plaintiff's employment due to his age;

    B.    Awarding damages to the Plaintiff resulting from the Defendant's unlawful employment practices, and to otherwise make Plaintiff whole for any losses, economic and otherwise, including but not limited to back pay, front pay, bonuses, and loss of retirement, health, and other benefits, suffered as a result of such unlawful employment practices;

8

C.	Awarding the Plaintiff compensatory damages for mental anguish, emotional distress, pain and suffering, and injury to reputation;

D.	Awarding the Plaintiff punitive damages;

E.	Awarding the Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of this action; and

F.	Awarding the Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: Carle Place, New York
       May 25, 2021

                          **THE LAW OFFICE OF**
                          **JOSHUA P. FRANK, PLLC**

By: /s/ *Joshua P. Frank*
      **Joshua P. Frank, Esq.**
      *Attorney for Plaintiff*
      1 Old Country Road, Suite 385
      Carle Place, New York 11514
      (516) 416-4444
      jfrank@jpfranklaw.com