UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ROBERT FRANCO,

                                          Case No.: 2:21-cv-02945-DG-SIL

            Plaintiff,

  -v-                                            **ANSWER TO**
                                                **COMPLAINT**

GRACE INDUSTRIES LLC d/b/a
HAUGLAND GROUP LLC,

            Defendant.
-------------------------------------------------------------------X

      Defendant, GRACE INDUSTRIES LLC d/b/a HAUGLAND GROUP LLC by and through their attorneys, KAUFMAN DOLOWICH & VOLUCK, LLP, as and for their Answer to the Plaintiff's Complaint, states upon information and belief:

## NATURE OF THE CASE

1.     Defendant denies the allegations set forth in Paragraph "1" of the Complaint.

## JURISDICTION AND VENUE

2.     Defendant neither admits nor denies the allegations set forth in Paragraph "2" of the Complaint as they consist of legal conclusions to which no response is required.

3.     Defendant neither admits nor denies the allegations set forth in Paragraph "3" of the Complaint as they consist of legal conclusions to which no response is required.

4.     Defendant neither admits nor denies the allegations set forth in Paragraph "4" of the Complaint as they consist of legal conclusions to which no response is required.

## PROCEDURAL PREREQUISITES

5.     Defendant neither admits nor denies the allegations set forth in Paragraph "5" of the Complaint and respectfully refers the Court to the document or documents referenced therein for its contents.

6. Defendant neither admits nor denies the allegations set forth in Paragraph "6" of the Complaint and respectfully refers the Court to the document or documents referenced therein for its contents.

7. Defendant neither admits nor denies the allegations set forth in Paragraph "7" of the Complaint and respectfully refers the Court to the document or documents referenced therein for its contents.

## PARTIES

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "8" of the Complaint.

9. Defendant denies the allegations set forth in Paragraph "9" of the Complaint.

10. Defendant denies the allegations set forth in Paragraph "10" of the Complaint.

11. Defendant denies the allegations set forth in Paragraph "11" of the Complaint.

## MATERIAL FACTS

12. Defendant denies the allegations set forth in Paragraph "12" of the Complaint.

13. Defendant denies the allegations set forth in Paragraph "13" of the Complaint.

14. Defendant denies the allegations set forth in Paragraph "14" of the Complaint.

15. Defendant admits the allegations set forth in Paragraph "15" of the Complaint.

16. Defendant denies the allegations set forth in Paragraph "16" of the Complaint.

17. Defendant denies the allegations set forth in Paragraph "17" of the Complaint.

18. Defendant denies the allegations set forth in Paragraph "18" of the Complaint.

19. Defendant denies the allegations set forth in Paragraph "19" of the Complaint.

20. Defendant admits the allegation set forth in Paragraph "20" of the Complaint that the COVID-19 pandemic necessitated adjustments to business operations; and, Defendant denies the remaining allegations therein.

21. Defendant denies the allegations set forth in Paragraph "21" of the Complaint.

22. Defendant denies the allegations set forth in Paragraph "22" of the Complaint.

23. Defendant denies the allegations set forth in Paragraph "23" of the Complaint.

24. Defendant denies the allegations set forth in Paragraph "24" of the Complaint.

25. Defendant denies the allegations set forth in Paragraph "25" of the Complaint.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "26" of the Complaint.

27. Defendant denies the allegations set forth in Paragraph "27" of the Complaint.

28. Defendant denies the allegations set forth in Paragraph "28" of the Complaint.

29. Defendant denies the allegations set forth in Paragraph "29" of the Complaint.

30. Defendant denies the allegations set forth in Paragraph "30" of the Complaint.

31. Defendant denies the allegations set forth in Paragraph "31" of the Complaint.

32. Defendant denies the allegations set forth in Paragraph "32" of the Complaint.

33. Defendant denies the allegations set forth in Paragraph "33" of the Complaint.

34. Defendant denies the allegations set forth in Paragraph "34" of the Complaint.

35. Defendant denies the allegations set forth in Paragraph "35" of the Complaint.

36. Defendant denies the allegations set forth in Paragraph "36" of the Complaint.

37. Defendant denies the allegations set forth in Paragraph "37" of the Complaint.

38. Defendant denies the allegations set forth in Paragraph "38" of the Complaint.

39. Defendant denies the allegations set forth in Paragraph "39" of the Complaint.

**AS AND FOR A RESPONSE TO THE FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER THE ADEA**

40. Defendant, in response to Paragraph "40" of the Complaint, repeats and realleges each and every answer contained in Paragraphs "1" through "39" of this Answer as though fully set forth herein.

41. Defendant denies the allegations set forth in Paragraph "41" of the Complaint.

42. Defendant neither admits nor denies the allegations set forth in Paragraph "42" of the Complaint; rather Defendant respectfully refers the Court to said statutory provision(s) referenced therein.

43. Defendant denies the allegations set forth in Paragraph "43" of the Complaint.

44. Defendant denies the allegations set forth in Paragraph "44" of the Complaint.

### AS AND FOR A RESPONSE TO THE SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NYSHRL

45. Defendant, in response to Paragraph "45" of the Complaint, repeats and realleges each and every answer contained in Paragraphs "1" through "44" of this Answer as though fully set forth herein.

46. Defendant neither admits nor denies the allegations set forth in Paragraph "46" of the Complaint; rather Defendant respectfully refers the Court to said statutory provisions(s) referenced therein.

47. Defendant denies the allegations set forth in Paragraph "47" of the Complaint.

### AS AND FOR A RESPONSE TO THE THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NYCHRL

48. Defendant, in response to Paragraph "48" of the Complaint, repeats and realleges each and every answer contained in Paragraphs "1" through "47" of this Answer as though fully set forth herein.

49. Defendant neither admits nor denies the allegations set forth in Paragraph "49" of the Complaint; rather Defendant respectfully refers the Court to said statutory provision(s) referenced therein.

50. Defendant denies the allegations set forth in Paragraph "50" of the Complaint.

### AS AND FOR A RESPONSE TO THE FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NYCHRL

51. Defendant, in response to Paragraph "51" of the Complaint, repeats and realleges each and every answer contained in Paragraphs "1" through "50" of this Answer as though fully set forth herein.

52. Defendant neither admits nor denies the allegations set forth in Paragraph "52" of the Complaint; rather Defendant respectfully refers the Court to said statutory provision(s) referenced therein.

53. Defendant denies the allegations set forth in Paragraph "53" of the Complaint.

54. Defendant denies the allegations set forth in Paragraph "54" of the Complaint.

## STATEMENT OF AFFIRMATIVE DEFENSES

55. Defendant reserves the right to plead additional separate and affirmative defenses that may be ascertained during the course of discovery in this action or otherwise. Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have.

## AS AND FOR DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

56. Some or all of the claims made in the Complaint fail to set forth a claim for which relief may be granted pursuant to Federal Rules of Civil Procedure 12(b)(6).

## AS AND FOR DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

57. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR DEFENDANT'S THIRD AFFIRMATIVE DEFENSE

58. Plaintiff's claims are barred, in whole or in part, as the Defendant in this action was not an "employer" as defined by the New York State Human Rights Law, Title VII, the New York City Human Rights Law, or Section 1981 of the Civil Rights Act.

## AS AND FOR DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE

59. Plaintiff has failed to exhaust any and all administrative or contractual remedies and/or conditions precedent that he was required to avail himself.

## AS AND FOR DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE

60. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches and/or unclean hands.

## AS AND FOR DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE

61. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver, judicial, equitable and/or collateral estoppel.

## AS AND FOR DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE

62. Insofar as Plaintiff purports to allege a claim or claims for physical or mental emotional distress, including claims for recovery of medical expenses thereby incurred, said claims are barred by the exclusive remedy provisions of the New York Workers' Compensation Law.

## AS AND FOR DEFENDANT'S EIGHTH AFFIRMATIVE DEFENSE

63. Plaintiff's employer exercised reasonable care to prevent and promptly correct any purportedly discriminatory behavior in its workplace, and Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Plaintiff's employer or to otherwise avoid harm.

## AS AND FOR DEFENDANT'S NINTH AFFIRMATIVE DEFENSE

64. To the extent Plaintiff has received other benefits and/or awards attributable to an injury for which he seeks compensation in this case, such benefits and/or awards should offset, in whole or in part, any award he receives here for the same injury.

## AS AND FOR DEFENDANT'S TENTH AFFIRMATIVE DEFENSE

65. Plaintiff has not alleged and cannot prove facts which would entitle him to punitive damages.

## AS AND FOR DEFENDANT'S ELEVENTH AFFIRMATIVE DEFENSE

66. Plaintiff failed to make a good faith and diligent effort to mitigate his purported damages and injuries, and therefore, any relief awarded to Plaintiff should be reduced.

## AS AND FOR DEFENDANT'S TWELFTH AFFIRMATIVE DEFENSE

67. If Plaintiff sustained any injury, damage or loss by reason of any act, error or omission on the part of Defendant, said injury, damage or loss must be reduced on the basis of comparative fault or

negligence of Plaintiff, or others, which contributed to and proximately caused any such injury, damage or loss.

### AS AND FOR DEFENDANT'S THIRTEENTH AFFIRMATIVE DEFENSE

68. Defendant's actions were in good faith conformity with and/or relied upon administrative regulation, order, ruling, approval, interpretation, or practice of the Equal Opportunity Employment Commission and/or other federal, state, and local agencies.

### AS AND FOR DEFENDANT'S FOURTEENTH AFFIRMATIVE DEFENSE

69. All actions of Defendant with respect to Plaintiff were taken for legitimate, good-faith business reasons and without any discriminatory or improper motive whatsoever. The conduct complained of by Plaintiff was job-related and consistent with reasonable business necessity.

### AS AND FOR DEFENDANT'S FIFTEENTH AFFIRMATIVE DEFENSE

70. Plaintiff complains of conduct that, at most, comprises of petty slights and trivial inconveniences.

### AS AND FOR DEFENDANT'S SIXTEENTH AFFIRMATIVE DEFENSE

71. Plaintiff commenced this action in an improper venue and/or failed to comply with a forum selection clause.

### AS AND FOR DEFENDANT'S SEVENTEENTH AFFIRMATIVE DEFENSE

72. Insofar as Plaintiff purports to allege a claim or claims for physical or mental emotional distress, including claims for recovery of medical expenses thereby incurred, said claims are barred by the exclusive remedy provisions of the New York Workers' Compensation Law.

### AS AND FOR DEFENDANT'S EIGHTEENTH AFFIRMATIVE DEFENSE

73. Defendant reserves the right to plead additional separate and affirmative defenses, which may be ascertained during the course of discovery in this action or otherwise.

**WHEREFORE,** it is respectfully requested that the Complaint be dismissed in its entirety, with prejudice, and that Defendant be awarded their reasonable attorney's fees and such other and further relief as the Court deems just and proper.

Dated: Woodbury, New York
July 27, 2021

**KAUFMAN DOLOWICH & VOLUCK, LLP**

_____
Keith Gutstein, Esq.
Erika H. Rosenblum, Esq.
*Attorneys for Defendant*
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
T: (516) 681-1100
KGutstein@kdvlaw.com
ERosenblum@kdvlaw.com

To:   All Counsel of Record (*via ECF*)

4837-6138-5201, v. 1